Filed 5/28/25  In re J.V. CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| In re J.V. et al., Persons Coming Under the Juvenile Court Law. | |
| | D085329 |
| SAN DIEGO COUNTY HEALTH AND HUMAN SERVICES AGENCY, | |
| | (Super. Ct. No. NJ15713ABC) |
| Plaintiff and Respondent, | |
| v. | |
| R.V., | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Nadia J. Keilani, Judge.  Conditionally reversed and remanded with directions.

Marissa Coffey, under appointment by the Court of Appeal, for Defendant and Appellant.

Claudia G. Silva, County Counsel, Lisa M. Maldonado, Chief Deputy County Counsel, and Kristen M. Ojeil, Deputy County Counsel, for Plaintiff and Respondent.

R.V. (Father) appeals from the juvenile court's order terminating parental rights over his children J.V., M.V., and N.V. (Welf. & Inst. Code,[1] § 366.26.) Father contends the San Diego County Health and Human Services Agency (Agency) failed to investigate and conduct inquiry with the children's known relatives and did not file Parent Notification of Indian Status (ICWA-020) forms with the juvenile court, as required by the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.). The Agency concedes the record does not contain sufficient documentation of inquiry with relatives or the ICWA-020 forms. The parties agree the case should be remanded for compliance with ICWA (see *In re Dezi C.* (2024) 16 Cal.5th 1112, 1136), and they have stipulated to the immediate issuance of remittitur. Accordingly, we conditionally reverse the order entered at the section 366.26 hearing and remand for compliance with the inquiry provisions of ICWA and related California law.

BACKGROUND

The sole issue on appeal is compliance with ICWA; thus, we do not provide a detailed factual background.

After Father subjected one of his children to physical abuse, the Agency filed a petition to detain J.V., M.V., and N.V. (§ 300, subds. (a), (j).) There was also a history of physical abuse.

The Agency noted on the Indian Child Inquiry Attachment that it asked the parents about any Native American ancestry. But it left blank whether the answers gave it reason to believe there was Native American ancestry. In the detention report, the Agency stated ICWA did not apply because the parents denied Native American ancestry.

---

[1] Further statutory designations are to the Welfare and Institutions Code unless otherwise specified.

2

The parents lived with various relatives, including up to 20 family members.  During the initial investigation, the Agency spoke with maternal grandmother, paternal grandmother, and two maternal aunts.  The Agency did not document any ICWA inquiry with any of these relatives.

At the detention hearing on January 27, 2021, the juvenile court stated that neither parent claimed Native American heritage.  It further stated it did not have a sufficient basis to believe the children had Native American ancestry and found ICWA did not apply.

During the jurisdictional and dispositional phase of the proceedings, the Agency sent relative search letters to maternal and paternal relatives, including some of Mother's 14 siblings and Father's paternal grandparents and an older sibling.  In the ICWA section of the jurisdiction and disposition report, the Agency noted the prior finding that ICWA did not apply.  At the March 26, 2021 hearing, the court entered jurisdiction and dispositional orders but made no specific ICWA findings.

The six-, 12-, and 18-month status review reports refer to the January 2021 finding that ICWA did not apply.  The Agency did not document efforts to inquire with extended family members regarding ICWA.

At the six-month review hearing, the court found ICWA notice was not required because the court "knows the child[ren]" do not have Native American ancestry.  But the court made no specific findings at the 12- and 18-month review hearings regarding ICWA.

In connection with a petition brought under section 342, a subsequent detention petition, the Agency indicated it asked Father if the children had Native American ancestry, and the inquiry gave the Agency no reason to believe there was Native American ancestry.  The related detention report

3

stated the court previously found that ICWA did not apply. The court did not address ICWA at the hearing.

The section 366.26 report noted the juvenile court found ICWA did not apply in January 2021. The court terminated parental rights on December 16, 2024, and found ICWA did not apply.

## DISCUSSION

The Agency concedes that proper inquiry under ICWA was not completed at the time of the section 366.26 hearing.

A. *Legal Principles*

Congress enacted ICWA to address concerns regarding the separation of children with Native American ancestry from their tribes through adoption or foster care placement with non-Native American families. (*In re Isaiah W.* (2016) 1 Cal.5th 1, 7.) The juvenile court and the Agency have an affirmative and continuing duty to inquire whether a dependent child "is or may be an Indian child" in all dependency proceedings. (§ 224.2, subd. (a).)

California's current statutory scheme contains "three distinct duties regarding ICWA in dependency proceedings." (*In re D.S.* (2020) 46 Cal.App.5th 1041, 1052 (*D.S.*).) First, from the Agency's initial contact with minors and their family, the statute imposes a duty of inquiry to ask all involved persons whether the child may be a Native American child. (§ 224.2, subds. (a) & (b).) Second, if the initial inquiry creates a "reason to believe" the children have Native American ancestry, the Agency is required to make further inquiry in the status of the children as soon as is practicable. (*D.S.,* at p. 1052, citing § 224.2, subd. (e).) "Third, if that further inquiry results in a reason to *know* the child[ren are] Indian child[ren], then the formal notice requirements of section 224.3 apply." (*D.S.,* at p. 1052.)

4

In its initial inquiry, the Agency is obligated to conduct an ICWA inquiry of those who qualify as " 'extended family member[s],' " as defined in ICWA.  (See 25 U.S.C. § 1903, subd. (2); § 224.1, subd. (c)(1).)  ICWA defines " 'extended family member' " by "the law or custom of the Indian child's tribe" or, absent such law or custom, as "a person who has reached the age of eighteen and who is the Indian child's grandparent, aunt or uncle, brother or sister, brother-in-law or sister-in-law, niece or nephew, first or second cousin, or stepparent."  (25 U.S.C. § 1903(2); § 224.1, subd. (c)(1).)

"On appeal, we review the juvenile court's ICWA findings for substantial evidence."  (*D.S., supra*, 46 Cal.App.5th at p. 1051.)  However, where the facts are undisputed, we independently determine whether ICWA's requirements have been satisfied.  (*Ibid.*)

B.  *Analysis*

Father argues the Agency failed to satisfy its initial inquiry obligations because the Agency did not ask extended family members about the minors' potential Native American ancestry.  The evidence in the record shows the Agency failed to satisfy its first duty of inquiry because it did not interview extended family members or file Parent Notification of Indian Status forms with the juvenile court.  The Agency acknowledges this error.

The Agency had access to numerous extended family members, including grandparents and aunts who resided with the parents at the time of removal.  However, the Agency made no effort to contact these family members to conduct an ICWA inquiry.  To the extent the Agency is able to make contact with extended family members, the Agency should ask them about the minors' potential Native American ancestry.

Because the record reflects that proper inquiry was not completed at the time of the section 366.26 hearing, we accept the Agency's concession.

DISPOSITION

The order entered by the juvenile court on December 16, 2024, made pursuant to section 366.26, is conditionally reversed. The matter is remanded to the juvenile court for the limited purpose of fully complying with the inquiry provisions of ICWA and related California law.

If after inquiry, neither the Agency nor the juvenile court has reason to believe the minors are children with Native American ancestry, the order shall be reinstated. Alternatively, if after completing the inquiry, the Agency or the juvenile court has reason to believe or know the children have Native American ancestry, the juvenile court shall proceed in conformity with ICWA and related California law.

The remittitur shall issue immediately.


O'ROURKE, Acting P. J.

WE CONCUR:



BUCHANAN, J.



CASTILLO, J.

6